IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RONEA TEASHEKE POSEY,** *et al.,*  *

    Plaintiffs,  *

v.  *     Civil No. **PJM 18-1422**

**KARLO FRANCIS CENTENO,**  *

    Defendant.  *

## MEMORANDUM OPINION

Plaintiffs Ronea Teasheke Posey (incapacitated adult), and Ronald Posey (her guardian), have sued Defendants the Washington Metropolitan Area Transit Authority (WMATA), Karlo Francis Centeno, Paul Wiedefeld, General Manager, and Michael D. Barnes (alleged Board Chairman), in connection with a car accident that left Posey with lasting injuries. After the Court dismissed all claims as to WMATA, Wiedefeld and its Board, and granted Posey thirty days to amend the Complaint and allege malice or gross negligence as to Centeno, ECF No. 20, she filed an Amended Complaint. ECF No. 23. On November 8, 2018, Defendant Centeno moved to dismiss the Amended Complaint. ECF No. 24. For the following reasons, the Court will **GRANT** Centeno's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Ronea Teasheke Posey was a thirty-four-year-old resident of Prince George's County at the time of the accident. ECF No. 23 at 1-2. Karlo Francis Centeno is a Metro Transit Police Officer and WMATA employee. *Id.* at 2.

1

On April 8, 2017, at approximately 12:27 a.m., Centeno driving a Chevy Tahoe, owned by WMATA struck Posey, who was crossing the street in the middle of the intersection at Branch Avenue and Naylor Road, in Hillcrest Heights, Prince George's County, Maryland. *Id.* at 2. Posey alleges she crossed the intersection carefully, that passengers often used this intersection to board the Metrorail or bus, as she had, and that no crosswalk or traffic controls governed the intersection. *Id.* at 2-3.

As a result of the accident, Posey sustained serious injuries to her head, body, and limbs. *Id.* at 3. She now resides in a nursing home with considerable brain injuries. *Id.* She asserts that Centeno breached a duty in failing to take adequate care at this intersection, which many pedestrians use often, and that he had a duty of extra care in his capacity as a Metro Transit Police Officer. *Id.* She further avers that Centeno's gross negligence proximately caused her injuries. *Id.*

Posey originally filed a complaint for simple negligence in the Circuit Court for Prince George's County on April 4, 2018 against WMATA, Karlo Francis Centeno, Paul Wiedefeld, General Manager, and Michael D. Barnes (alleged Board Chairman). ECF No. 2. WMATA filed a Notice of Removal on May 16, 2016. ECF No. 1. On May 29, 2018, Centeno answered, ECF No. 14, and WMATA and Wiedefeld filed Motions to Dismiss for Failure to State a Claim and for Lack of Jurisdiction. ECF No. 15.

At a Motions Hearing on October 1, 2018, in addition to discussing WMATA's immunity, the parties referenced facts that might be pertinent to Centeno's individual liability for gross negligence, such as his rate of speed, whether he used headlights, and whether street lamps illuminated the area. The Court also urged Posey to confer with her two witnesses to gather additional facts. The Court then granted Defendants' Motion to Dismiss, dismissed all claims as to WMATA's Board members, but granted Posey thirty days to amend her Complaint and allege

malice or gross negligence as to Centeno. ECF No. 20.[1] The Court dismissed WMATA, Wiedefeld, and Barnes as parties. *Id.*

On October 30, 2018, Posey filed an Amended Complaint which asserts, "Defendant Centeno operated his vehicle in a grossly negligent and careless manner when he entered the intersection of Branch Avenue and Naylor Road knowing, or should have known, that the intersection is where potential passengers would be crossing to board the metro-rail or bus." ECF No. 23 at 2. Apart from removing portions of the complaint that concern terminated defendants, and describing Centeno's negligence as "gross", Posey made no other changes. *See id.* at 1-3.

The Court now considers Centeno's Motion to Dismiss for Failure to State a Claim filed on November 8, 2018. ECF No. 24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While detailed facts are not required, the pleader must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Though a court must assume the truth of all factual allegations, this deference "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted). Maryland law also provides that those asserting claims of gross negligence "are held to a high pleading standard that may not be satisfied by conclusory allegations." *Traversa v. Ford*, 718 F. Supp. 2d 639, 648 (D. Md. 2010) (citation omitted).

---

[1] Malice is "the intentional doing of a wrongful act without legal justification or excuse." *Elliott v. Kupferman*, 473 A.2d 960, 969 (Md. Ct. Spec. App. 1984). No party has argued this point, but Posey has not asserted sufficient facts to allege malice. *See Komornik v. Sparks*, 629 A.2d 721, 723-24 (Md. 1993) (holding that a driver intoxicated at twice the legal limit did not act with actual malice).

3

In Maryland, "two separate statutes immunize fire, rescue, and law enforcement personnel from civil damages for errors and omissions made while acting in the scope of their duties." *McCoy v. Hatmaker*, 763 A.2d 1233, 1240 (Md. 2000). Neither statute protects malicious or grossly negligent conduct. *Id.*

### III. DISCUSSION

*A. Gross Negligence*

Posey amended her Complaint to summarily state that Centeno's conduct in entering the intersection and hitting her amounts to gross negligence. Centeno argues that, as a matter of law, what she describes cannot be gross negligence, and further, that Posey's claim should be dismissed because there are insufficient facts to support her conclusions. The Court agrees with Centeno.

In Maryland, gross negligence is "something more than simple negligence," and demands "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another." *Cooper v. Rodriguez*, 118 A.3d 829, 845 (Md. 2015). For instance, allegations that a sheriff shot an unarmed suspect after he surrendered, *Barbre v. Pope*, 935 A.2d 699, 718-19 (Md. 2007), and that a corrections officer slept on duty while an inmate murdered the decedent, left the injured decedent on the ground for a considerable period before administering CPR, failed to act on several warnings that the inmate would kill, and failed to ensure that the inmate was restrained are sufficient to state a claim for gross negligence in Maryland. *Rodriguez v. State*, 98 A.3d 376, 393-96 (Md. 2014).

Posey's Amended Complaint (ECF No. 23) does not allege factors present in other cases such as excessive speed, *Boyer v. State*, 594 A.2d 121, 132 (Md. 1991), failing to obey traffic signals, *Taylor v. State*, 574 A.2d 928, 930 (Md. Ct. Spec. App. 1990), intoxication, *Blackwell v.*

*State*, 369 A.2d 153, 165 (Md. Ct. Spec. App. 1977), or not using emergency lights. *Markevicz v. Garcia*, Civil No. 8:08-CV-02877-AW, 2011 WL 6888641, at *2 (D. Md. Dec. 29, 2011).

Centeno may have had notice of possible danger in the intersection where the accident occurred since he was a Metro Transit Police Officer, and this was said to be a known crossing. That alone however, is insufficient to create a claim for gross negligence without additional factors. *See Boyer*, 594 A.2d at 132 (holding that an officer's pursuit of a drunk driver at an excessive rate of speed, in a congested area was insufficient to state a claim for gross negligence). Further, the absence of an actual crosswalk or other traffic marker in fact strongly suggests that Centeno was not required to take particular care in that intersection.

Posey's Amended Complaint mirrors her original complaint, except that she simply adds the word "gross" to characterize Centeno's alleged negligence, (and removed information about the dismissed defendants). ECF No. 23 at 1-3. At the October 1, 2018 Motions Hearing, the Court questioned Posey about facts that could help support a claim for gross negligence, suggested she gather additional facts from her two witnesses, and gave her leave to amend her complaint and add this information. Nevertheless, Posey did not include information to this effect in her Amended Complaint and has made no meaningful changes apart from appending the word "gross" before the word "negligence." Alleging gross negligence in the conclusory manner Posey has done leaves the Court with no other alternative but to grant a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Centeno's Motion to Dismiss (ECF No. 24).

A separate Order will **ISSUE**.

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　**PETER J. MESSITTE**
　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**August 2, 2019**